UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEANNA L. GEIGER; JANINE M. NELSON; ROBERT DUEHMIG; WILLIAM GRIESAR; PAUL RUMMELL; BENJAMIN WEST; LISA CHICKADONZ; CHRISTINE TANNER; BASIC RIGHTS EDUCATION FUND,<br><br>     Plaintiffs - Appellees,<br><br>v.<br><br>JOHN KITZHABER, in his official capacity as Governor of Oregon, ELLEN ROSENBLUM, in her official capacity as Attorney General of Oregon, JENNIFER WOODWARD, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority, and RANDY WALRUFF, in his official capacity as Multnomah County Assessor,<br><br>     Defendants - Appellees.<br><br>v.<br><br>NATIONAL ORGANIZATION FOR MARRIAGE, INC., Proposed Intervenor; on behalf of their Oregon Members,<br><br>     Movant - Appellant. | No. 14-35427<br><br>D.C. Nos.<br><br>6:13-cv-01834-MC<br>6:13-cv-02256-MC,<br><br>U.S. District Court for Oregon, Eugene<br><br>**APPELLEES GEIGER, NELSON, DUEHMIG, AND GRIESAR'S PRELIMINARY RESPONSE IN OPPOSITION TO MOTION TO STAY PENDING APPEAL** |

1

## INTRODUCTION

Plaintiffs-Appellees Deanna Geiger and Janine Nelson, Robert Duehmig, and William Griesar (Geiger Plaintiffs) respectfully oppose the emergency motion for stay pending appeal filed by Proposed Intervenor-Appellant National Organization for Marriage ("Proposed Intervenor" and "NOM").

"A stay is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (2009). A party seeking the extraordinary relief of a stay must satisfy a four-factor test, which requires, among other things, a "strong showing that [the stay applicant] is likely to succeed on the merits" and a showing that "the applicant will be irreparably injured absent a stay." *Id.* at 434. Moreover, with respect to irreparable harm, the applicant "must show that there is a reason *specific to his or her case*, as opposed to a reason that would apply equally well to . . . all cases," why denying a stay will irreparably harm the applicant. *Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011) (emphasis added). Proposed Intervenor cannot meet this standard.

This Court should reject NOM's argument that this Court's entry of a stay in *Latta v Otter,* Nos. 14-35420, 14-35421 (9th Cir. 2014 May 15, 2014)*,* compels a stay here. In *Latta,* the Governor for the State of Idaho, a party to that case, appealed and sought an emergency stay of the District Court of Idaho's decision striking down Idaho's ban on marriage by same-sex couples.

The issue presented in this case is whether the judge erred in denying NOM's Motion to Intervene in this case and step into the shoes of the State to "defend" Oregon's Marriage laws.  Proposed Intervenors' Memorandum in Support of Motion to Intervene at p 17.   The Defendants in this case have said that they will not appeal a favorable judgment for Plaintiffs.  And as argued below, if the District Court issues judgment for Plaintiffs on the pending summary judgment motions, it is almost certain that there will never be an appeal on the merits of that decision.   Thus, NOM's appeal and request for stay in this case substantially differ from those presented to this Court in *Latta.*

NOM filed its Motion to Intervene at 11:02 pm on April 21, 2014, thirty-eight hours prior to the oral argument on Geiger Plaintiffs' and Rummell Plaintiffs' ("Plaintiffs") dispositive motions were scheduled to be heard at a hearing that had been scheduled for three months.  The following day, just 27 hours before the summary judgment hearing, NOM moved to postpone the hearing.  The District Court denied the motion to postpone the hearing on Plaintiffs' Motions for Summary Judgment and set a briefing schedule and hearing on May 15, 2014 on NOM's Motion to Intervene.   After hearing argument, the District Court issued his decision from the bench denying Proposed Intervenor's motion to intervene, holding that its motion to intervene failed to meet two of the four-prong test under Fed. Rule Civ. Proc. 24 (a):  whether the application was timely and whether the

Proposed Intervenor has a significant protectable interest relating to the property or transaction that is the subject of the action.

On the issue of whether NOM's motion was timely, the District Court made the following findings:  (1) NOM provided no credible reason for failing to notify the court of its intent to intervene sooner than the 40 hours prior to the dispositive motion hearing; (2) NOM had a clear understanding of the Attorney General's position two months prior to the hearing on April 23, 2014; (3) NOM, with an unrepresentative membership of only 100 members, had no credible reason for failing to determine whether any of its Oregon members has significant and protectable interests until days before filing their motion to intervene; and (4) NOM chose not to file an amicus brief raising the issues of intervention or notify the court of its intent to seek intervention.  The District Court  concluded, based on these findings and the time lines of the case, that NOM's Motion to Intervene was untimely.

On the second factor addressing whether the NOM has a significant protectable interest, the District Court made these findings:  (1) the Court and parties are unable to determine the degree of protectable interest because NOM chose not to disclose its alleged members identities and failed to seek the appropriate protective order which made it impossible to ascertain NOM's standing; (2)  a voter's interest in the outcome of a case is of general interest is not

4

a significant protectable interest that would allow for intervention; (3) the possibility that a county clerk may be required to perform a job duty due to a moral or religious objection does not confer standing; and (4) an alleged wedding service provider member with an alleged general or religious objection to equality, with no evidence as to the service provided and the impact that overturning an unconstitutional law would have on the provider does not confer standing to intervene in the case.  Based on these findings, the District Court concluded the Proposed Intervenor failed to make the requisite showing of a significant protectable interest to confer standing.

The District Court also denied NOM's motion for permissive intervention under Fed. Rule Civ. Proc. 24(b).  In exercising its discretion denying intervention, the District Court found (1) the Proposed Intervenor sought intervention to defend Oregon's marriage laws because NOM disagreed agreed with the Oregon's Executive Branch State Defendants' legal interpretation that Oregon's marriage laws are unconstitutional;  (2) NOM is an out of state national political lobbying group with approximately Oregon 100 members, which is not a representative number; and (3) NOM are not answerable to the electorate of Oregon.  Based on these findings, the District Court declined to exercise its discretion under Fed. Rule Civ. Pro. 24(b) and denied NOM's motion.

## ARGUMENT

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken,* 556 U.S. at 433-34). In determining whether the moving party has met this exacting burden, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken,* 556 U.S. at 434 (citation and internal quotation marks omitted).

The first two factors are the most critical. *See id.* "Regarding the first factor, *Nken* held that it is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" *Lair,* 697 F.3d at 1204 (citation omitted). "[I]n order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez,* 640 F.3d at 968. Regarding the second factor, "*Nken* held that if the petitioner has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Id.* at 965. A stay applicant's "burden with regard to irreparable harm is higher than it is on the likelihood of success prong, as she must show that

6

an irreparable injury is the *more probable or likely outcome*." *Id.* at 968 (emphasis added). Moreover, in demonstrating that irreparable harm is likely, the applicant may not rely on generalities, but must show "a reason specific to his or her case, as opposed to a reason that would apply equally well to . . . all cases" why denial of a stay would result in irreparable harm. *Id.* at 969.

Here, NOM does not and cannot carry its burden.

**I.     NOM CANNOT MAKE A "STRONG SHOWING" THAT IT IS LIKELY TO PREVAIL IN ITS APPEAL.**

NOM cannot show it is likely to succeed on the merits of its appeal. The District Court correctly determined that the NOM failed to meet the requirements for intervention.

The District Court correctly applied the factors for intervention under Fed. Rule Civ. Proc. 24. Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24 (a) and Rule 24 (b), that the application must be "timely." If it is untimely, intervention must be denied. Thus, the Court where the action is pending must first be satisfied as to timeliness. *NAACP v. New York,* 413 U.S. 345, 93 S. Ct. 2591, 37 L. Ed. 2d 648 (1973); *Iowa State University Research Foundation* v. *Honeywell, Inc*., 459 F.2d 447, 449 (8th Cir. 1972); *Smith Petroleum Service, Inc*. v. *Monsanto Chemical Co*., 420 F.2d 1103, 1115 (5th Cir. 1970); *Lumbermens Mutual Casualty Co*. v. *Rhodes*, 403 F.2d

7

2, 5 (10th Cir.), cert. denied, 394 U.S. 965 (1969); *Kozak* v. *Wells*, 278 F.2d 104, 108-109 (8th Cir. 1960); 7A C. Wright & A. Miller, Federal Practice and Procedure § 1916 (1972); 3B J. Moore, Federal Practice para. 24.13 [1] (2d. ed. 1969). Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances. *Iowa State University Research Foundation* v. *Honeywell, Inc.*, 459 F.2d, 447, 449; *Smith Petroleum Service, Inc.* v. *Monsanto Chemical Co.*, 420 F.2d 1103, 1115; *Kozak* v. *Wells*, 278 F.2d 104, 109. The question of timeliness is addressed to the sound discretion of the trial court and will be overturned only when an abuse of discretion is shown. *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 658 (9th Cir. 1978).

    NOM's argument that the District Court abused its discretion in concluding, based on the facts alleged by NOM and the particular circumstances of this case that the motion to intervention was untimely, is without merit. There is simply no evidence to support NOM's contention in its Emergency Stay that the District Court disregarded or ignored the factual allegations in its papers supporting the intervention.

    NOM will fair no better with its arguments that the District Court erred in concluding that it failed to demonstrate it has significant protectable interest sufficient to confer standing. In 2013, the U.S. Supreme Court held proponents of

an enacted ballot initiative "have no 'personal stake' in defending its enforcement that is distinguishable from the general interest of every citizen of [the State]." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2263 (2013). NOM identified certain members who it says are affected by this litigation to a greater extent than other Oregonians — in particular, voters who supported passage of Measure 36, a wedding services provider, and a county clerk. NOM failed to identify any rights or legal obligations of these alleged people that are at issue in this case and that would be affected by the outcome. The affects are only alleged individuals' generalized and personal disagreement with the State of Oregon Executive Branch's recognition that the laws violate the US Constitution. Simply put, NOM seeks to step into the shoes of the State of Oregon's Executive Branch in this litigation. The U.S. Supreme Court in *Hollingsworth v Perry* made clear that this does not confer standing when Justice Roberts held:

> We have never before upheld the standing of a private party to defend the constitutionality of a state statue where state officials have chosen not to. We decline to do so for the first time here.

*Hollingsworth,* 570 U.S. \_\_\_\_\_,133 S. Ct. 2652, 2268 (2013). *See also, Cascade Natural Gas Corp. v El Paso Natural Gas Co., 368 U.S. 129, 140-150 (1967).*

Proposed Intervenor's stated interest as apparent from its Motion for Emergency Stay is to seek an appeal if the District Court grants Appellee Geiger and Rummel Plaintiffs' Motion for Summary Judgment. Proposed Intervenor's

9

stated interest is not a legally protected interested because it cannot actually take an appeal because it lacks Article III standing which is required for an appeal of a judgment of any judgment in this case. *Arizonans for Official English v Arizona*, 520 U.S. 43, 64 (1997) and *Hollingworth at 2661*.

NOM cannot make a strong showing that it will likely prevail on the merits of this appeal.

## II. NOM FAILED TO ESTABLISH THAT IT WILL LIKELY SUFFER IRREPARABLE INJURY IN THE ABSENCE OF A STAY.

NOM has offered no evidence that it will suffer any harm, much less *irreparable* harm, if the District Court's decision remains in effect while its appeal is pending.

## III. THE HARM PLAINTIFFS WILL SUFFER IF A STAY IS GRANTED FAR OUTWEIGHS ANY HARM TO NOM.

When a party seeks a stay pending appeal, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987).

The law is well settled: any deprivation of constitutional rights, " for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v Burns* , 427 U.S. 347, 373 (1976); *Nelson v NASA,* 530 F.3d 865, 872-73 (9th Cir. 2008). Appellees are no different: they will continue to be harmed by the

continued depravation of rights and harm to their families and their children if the Court grants a stay.

## IV. THE PUBLIC INTEREST STRONGLY WEIGHS AGAINST A STAY.

For many of the same reasons, the final factor—the public interest—also weighs strongly against a stay pending appeal. The enforcement of constitutional rights is always in the public interest because "all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005); *See also, Awaid v Ziriax,* 670 F3d 1111, 1132 (10th Cir. 2012)([W]hile the public has an interest in seeing the will of the voters being carried out ....the public has a more profound and long-term interest in upholding an individual's constitutional rights.)

NOM's sole purpose in filing this appeal and the request of an emergency stay is to delay the final judgment—not to win. This Court in *Jimenez v Barber* rejected this tactic in holding a stay pending appeal is not appropriate where the "effect will be to give appellants fruits of victory whether or not the appeal has merit. *Jimenez v Barber,* 252 F.2d 550, 553 (9th Cir. 1958).

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Geiger Plaintiffs respectfully request that the Court deny Proposed Intervenor's request for emergency stay pending appeal.

By: s/ Lake James H. Perriguey
Lake James H. Perriguey, OSB No. 983213
LAW WORKS LLC
1906 SW Madison Street
Portland, OR 97205-1718
Telephone: (503) 227-1928
Facsimile: (503) 334-2340
lake@law-works.com

By: s/ Lea Ann Easton
Lea Ann Easton, OSB No. 881413

DORSAY & EASTON LLP
1 SW Columbia Street, Suite 440
Portland, OR 97204
Telephone: (503) 790-9060
Facsimile: (503) 790-9068
leaston@dorsayindianlaw.com

Attorneys for Geiger Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2014, I directed the Preliminary Response to Motion to Stay Pending Appeal to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid to the following non-CM/ECF participants:

Email: roger@hbclawyers.com

Roger K. Harris

Harris Berne Christensen LLP

5000 S.W. Meadows Road, Suite 400
Lake Oswego, Oregon 97035

                By: s/ Lake James H. Perriguey
                      Lake James H. Perriguey, OSB No. 983213

                  s/ Lea Ann Easton
                    Lea Ann Easton, OSB No. 881413

                      Attorneys for Geiger Plaintiffs